**ORDER**

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the government has a continuing obligation to produce all evidence required by the law and the Federal Rules of Criminal Procedure. *See id.* at 87 (holding that due process requires disclosure of "evidence [that] is material either to guilt or to punishment" upon request); *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (holding that the obligation to disclose includes evidence "known only to police investigators and not to the prosecutor," and that "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf ..., including the police."); *United States v. Agurs*, 427 U.S. 97, 107 (1976) (holding that the duty to disclose exculpatory evidence applies even when there has been no request by the accused); *Giglio v. United States*, 405 U.S. 150, 153-54 (1972) (holding that *Brady* encompasses impeachment evidence); see *also* Fed. R. Crim. P. 16(a) (outlining information subject to government disclosure); *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998) (holding that the disclosure requirements of Fed. R. Crim. P. 16(a)(1)(C) apply to inculpatory, as well as exculpatory, evidence).

The government's obligation to provide exculpatory evidence pursuant to *Brady* in a timely manner is not diminished either by the fact that such evidence also constitutes evidence that must be produced later pursuant to the Jencks Act, 18 U.S.C. § 3500,

or by the fact that such evidence need not be produced according to Rule 16.  *See United States v. Tarantino*, 846 F.2d 1384, 1414 n.11 (D.C. Cir. 1988); *see also* Advisory Committee Note to Fed. R. Crim. P. 16 (1974) ("The rule is intended to prescribe the minimum amount of discovery to which the parties are entitled."). Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure.  *See United States v. Paxson*, 861 F.2d 730, 737 (D.C. Cir. 1988).

   Accordingly, the Court, *sua sponte*, directs the government to produce to defendant in a timely manner any evidence in its possession that is favorable to defendant and material either to defendant's guilt or punishment.  The government is further directed to produce all discoverable evidence in a readily usable form.  For example, the government must produce documents as they are kept in the usual course of business or must organize and label them clearly.  The government must also produce electronically stored information in a form in which it is ordinarily maintained unless the form is not readily usable, in which case the government is directed to produce it in a readily usable form.  If the information already exists or was memorialized in a tangible format, such as a document or recording, the information shall be produced in that format.  If the information does not exist in such a format and, as a result,

the government is providing the information in a summary format, the summary must include sufficient detail and specificity to enable the defense to assess its relevance and potential usefulness.

Finally, if the government has identified any information which is favorable to the defendant but which the government believes not to be material, the government shall submit such information to the Court for *in camera* review. Relatedly, any questions, objections, or interpretive disputes regarding any portion of this Order shall be brought to the Court's attention as soon as possible after this Order is issued.

This Order describes the obligations of "the government," which shall include all individuals, agencies, and offices involved in the prosecution of this case. These individuals, as described in this Order, are charged with learning of information known to any other individual or entity, federal, state, or local, that is "closely aligned with the prosecution" in this case. *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (quotation marks omitted). To ensure that such individuals and entities are aware of the government's obligations–and the government's responsibility to disclose information known to them–the government is directed to provide a copy of this Order to all individuals, agencies, and offices involved in the prosecution of this case, as well as any other individual or

entity, federal, state, or local, that is "closely aligned with the prosecution" in this case.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            March 18, 2015**